UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
NEWCO AGGREGATE COMPANY, LLC,
    Debtor.
                                    No. 7-03-11787 SF

ROBERT L. FINCH,
    Plaintiff,
v.                                       Adv No. 05-1063 S

CONSTAR, et al.,
    Defendants.

**MEMORANDUM OPINION IN SUPPORT OF JUDGMENT**

This matter came before the Court for a trial on the merits on December 13, 2006.[1] The parties are as follows: Plaintiff Robert L. Finch, Trustee; and Defendants Constar, an unincorporated entity and purported Nevada common law trust, Geoff McMahon and Raymond W. White. Plaintiff was represented by Robert Finch and Defendants by Gary Ottinger. The following items (the "Property")[2] were the subject of the dispute:

---

[1] This memorandum opinion constitutes findings of fact and conclusions of law as required by Rule 7052 F.R.B.P.

[2] This list is taken from the list of items on Plaintiff Exhibit 2, pp. 4-5. At the outset of the trial Defendants asserted that the Trustee was limited in this adversary proceeding to seeking only the items listed in the complaint. The items identified in paragraph 6 of the complaint are the same as in Plaintiff Exhibit 2, including in the same order. The Trustee did not contest Defendants' position about what items were subject to dispute, thereby effectively agreeing not to conform the complaint to the evidence presented at trial. See Rule 7015 F.R.B.P., incorporating Rule 15(b), F.R.Civ.P. However, Defendants during the opening statement colloquy announced that the Trustee could take the Clement end dump, effectively amending the complaint.

Page 1 of 7

```
1986 Peterbilt cement mixer truck[3]
1984 Superior trailer
1972 White COE
1965 Kenworth
1985 Chevrolet C20
*CPS belly dump trailer (NM 98105516A072530)[4]
1989 Ford 1-ton
Donsey [sic – should be Dorsey] control trailer
Fruehauf 40' storage trailer
Schwartz Lowboy
1976 International cab over [sic] truck
1965 Kenworth tandem dump
*1985 International tandem dump
1984 White Freightliner tandem dump
*LTL 9000 Ford semi truck
Ingersoll Rand 185 cfm compressor
White Star tractor
1996 Peterbilt tractor
1998 Peterbilt 379
2000 Roadmaster belly dump
1996 Peterbilt tandem dump truck
Fruehauf end dump
Two 1985 Kenworth trucks
1988 Ford tractor
1985 Peterbilt truck
*1979 Ford truck with crane
1978 Lufkin dump
```

Additional:

1980 Clement frame-type end dump trailer (NM ES2S30268T)

At the conclusion of the trial, Defendants announced that

---

[3] Defendants conceded during the opening statement colloquy that the estate could take possession of this item, and stated that in fact they had so informed the Trustee months ago. Mr. Slade testified that Plaintiff Exhibit 7 apparently is the certificate of title for this vehicle, even though the title lists the vehicle as a 1984 Peterbilt while the cement mixer is listed as a 1986.

[4] Almost no vehicle identification numbers were presented for any of these items. The VINs listed come from various trial exhibits. The Court has included the available VINs to minimize future litigation between the parties.

they made no claim to any of the Property with the exception of the asterisked items.  Therefore, because the Trustee has claimed all the non-asterisked items without opposition, the Trustee's claim of ownership for the estate has been established as to all but the asterisked items vis-a-vis these three defendants.

Part of the Trustee's case was the testimony of Curtis Slade, the manager of Newco.  Mr. Slade testified that he contributed or sold a number of the vehicles to Newco.  Defendants argued that the vehicles were supposed to be his capital contribution to Newco; he asserted that he was to be paid.  That issue is a red herring; either way, the vehicles belong to Newco, even if Mr. Slade retains some of the titles.[5]

Constar claims ownership of the CPS belly dump.  The unchallenged testimony from Gilbert Marquez was that he sold the item to Newco and was paid $5,000 in cash by Newco.  (He also testified that he was supposed to receive an additional $1,500 of "material" – sand, gravel or other aggregate – but never did receive it.)  Plaintiff Exhibits 9 and 10 back up this testimony.  Mr. White testified that Constar has a bill of sale from Mr. Marquez for this item, but it was not produced at trial; Mr.

---

[5] To the extent that it matters, the Court finds that Mr. Slade's contribution of vehicles was supposed to be exactly that; namely, a capital contribution to the company rather than a sale of assets to it.

White also admitted that Constar had not paid for the item.[6]  The Court finds that the estate is the owner of this item.

Constar claims the 1985 International tandem dump.  Mr. White testified that Morningstar (predecessor to Constar) purchased six chassis cabs and that one of those became this item.  This item was listed by Mr. White as belonging to Newco in his hand-written list (second from bottom on the first page) attached to Plaintiff Exhibit 4 (the verified complaint filed in the state court action).  The Court finds that at that time Mr. White listed many items as belonging to Newco and others as belonging to Constar.  The Court also finds that because the state court action was directed against Mr. Slade on behalf of Newco, Mr. White at that time had no incentive to dissemble about the ownership of the items listed.  For example, the Clement end dump trailer appears on the Newco list rather than the Constar list, and in fact Constar conceded at the trial that the Trustee could take the Clement end dump.  Similarly, the CPS belly dump

---

[6] Why Constar would have claimed this item, given these facts, is not clear to the Court, unless, as Defendants' counsel argued, being in title is the only indicium of ownership that the Court is allowed to consider.  This surely cannot be the law. Suppose that A accepts full payment from B for a vehicle, and delivers the title to B, or is supposed to deliver title to B, but before a new title can be obtained from the Motor Vehicle Department the issue of ownership arises.  Or suppose that A as agent for B registers the vehicle in his own name instead of in B's name.  In these circumstances no one would seriously argue that A had thereby retained or obtained valid ownership.  In consequence, the Court has some doubts about Mr. White's credibility.

Case 05-01063-s    Doc 44    Filed 12/15/06    Entered 12/15/06 15:04:12 Page 4 of 7

trailer, which the Court has found belongs to Newco for other reasons, appears on the Newco list. The Court finds Mr. White's listing of the item on Plaintiff Exhibit 4 more persuasive than his subsequent testimony, and therefore finds that the 1985 International tandem dump belongs to the estate rather than to Constar.

Constar claims the LTL 9000 Ford semi truck. Mr. Slade testified in detail that this vehicle was a 1988 Ford tractor that had been obtained from Highway 64 Auto Sales owned by Hector Rangel (spelling?). In a three-way transaction, Newco used aggregate to pay for some "dozer" or dirt work that was done for Mr. Rangel by a third party. Mr. Rangel delivered the title to Mr. Slade for Newco, who delivered it to Mr. White (apparently to be held or registered for Newco). Mr. White testified that Constar had a title to this vehicle; Mr. Slade's explanation would explain why Constar, or more accurately, Mr. White, had the title. Mr. White did not deny Mr. Slade's account of how the title came to be in the possession of Constar. The Court finds that the estate is the owner of the LTL 9000 Ford semi truck.

Constar claims the 1979 Ford truck with crane. Mr. Slade testified specifically that this item was obtained from Frank Santoro of F and S Services by Constar but billed to Newco; that is, Newco paid for the truck with gravel and services. However, this item was listed by Mr. White as belonging to Constar in his

Page 5 of 7

Case 05-01063-s   Doc 44   Filed 12/15/06   Entered 12/15/06 15:04:12 Page 5 of 7

hand-written list attached to Plaintiff Exhibit 4.  The handling of this item somewhat resembles that of the CPS belly dump or, perhaps a better example, the 1978 Lufkin dump trailer, which is listed as belonging to Constar in Plaintiff Exhibit 4.  Based on the testimony of Messrs Brown and Marquez respectively (both of whom the Court found to be eminently credible), it is clear that Newco paid for the items but they ended up being titled in Constar.  The Court finds that it is more likely than not that the 1979 Ford truck with crane belongs to the estate.

The conclusion that the various items belong to the estate rather than Defendants does not mean that all the items exist or do not belong to someone else.  For example, there was testimony that the 1965 Kenworth and the 1965 Kenworth tandem dump were wrecked, that the Lufkin trailer was wrecked and cannibalized, that the 1989 Ford 1-ton (listed in Plaintiff Exhibit 4) was delivered to Wilford Harrison in payment for services, and that the Dorsey controls trailer is still titled in the name of Johnny Dollar (spelling?) even though Newco had purchased the $250,000 worth of equipment that was in the trailer.  Nothing in this decision is intended to adjudicate the rights of any party other than Plaintiff and Defendants to any of the property listed.

Therefore the Court finds that, vis a vis the Defendants, the Property is property of the estate, and the estate is entitled to have turned over to the Trustee as the representative

Case 05-01063-s    Doc 44    Filed 12/15/06    Entered 12/15/06 15:04:12 Page 6 of 7

of the estate any items of the Property that are in the custody, control or possession of any of the Defendants, including turning over titles to any of the items listed of the Property.

                                         */s/ James Starzynski*
                                  The Honorable James Starzynski
                                  United States Bankruptcy Judge

COPY TO:

Robert L Finch
555 E. Main Street
Farmington, NM 87401-2742

Gary B Ottinger
PO Box 1782
Albuquerque, NM 87103-1782